The first case today is 14-1187 United States v. Juan Davila-Ruiz Ms. Rosado Good morning, your honor May it please the court. Thank you. Lisa Rosado Rodriguez on behalf of the appellant, Mr. Juan Carlos Could you speak up a little more? Yes. Thank you. Lisa Rosado Rodriguez on behalf of the appellant, Mr. Juan Carlos Davila-Ruiz Your honor, I would like to reserve two minutes for rebuttal. You may have it. Thank you, your honor. Mr. Davila is asking this court to reverse the district court's decision denying his motion to withdraw his plea which was taken by a magistrate judge but was to be accepted by the district judge. Because at the time his motion was filed the district court had not yet acted upon the report and recommendation Mr. Davila-Ruiz believes that he has an absolute right to withdraw the plea in accordance with Rule 11d.1 The district court denied Mr. Davila-Ruiz's petition based on Benton, a Fourth Circuit decision which held that a magistrate judge does have the authority to accept not only take, but accept the guilty plea. However, Benton is an opposite. The facts are very different. For example, in Benton, the defendant agreed specifically for a magistrate judge to conduct the plea colloquy and accept a final plea.  The practice in Puerto Rico, in the District of Puerto Rico, is very clear. When a defendant consents to go before a magistrate judge you sign a waiver, and the waiver itself says and limits the authority and the scope of what the magistrate judge will do. The magistrate judge will conduct the plea colloquy and then issue a report and recommendation which will be acted upon by the district judge. We recognize that Benton says that the report and recommendation is not required and once you go before a magistrate judge, if he determines that the plea... Counsel, I have the waiver of right to trial by jury that was executed in this case. Yes. And it says, I hereby waive, give up my right to trial before a United States district judge and express my consent to proceed before a magistrate judge while I plead guilty, Rule 11 proceedings and the entry of a judgment of conviction upon the magistrate judge's recommendation. Why isn't that a waiver of any Rule 11 D1 rights? Because it specifically says that the acceptance of the plea will be upon when the magistrate recommendation is accepted by the district court. In Benton, it's the contrary. Where does it say that? Well, we understand, apart from the practice, the way that it's done. We're not concerned with the practice. We're concerned with what happens in this case and the waiver does use the term upon the magistrate judge's recommendation but it's not explicit beyond that. Well, I submit, Your Honor, that when you read the waiver, you read the transcript where the magistrate judge specifically says, remember, I'm only going to recommend that the district court should accept your plea. And I know that practice doesn't make the law. However, it is the way that always happens. It's done in Puerto Rico. So when Mr. Davila agreed to the waiver, he was fully expecting the practice to be done as it is done always. So this should not be the exception. There's nothing in this case, we believe, that should be an exception to the way things are done. And the waiver doesn't say that, for example, that he accepts for the magistrate judge to accept the guilty plea. Go ahead. I'm just curious about the underlying facts here. Your client did not object to the report and recommendation and was perfectly fine with pleading guilty until he learned that charges had been dismissed against a co-defendant. Is that correct? That's correct, Your Honor. And what happened with that co-defendant? Were charges dismissed because there was a guilty plea? I think the government is in a better position to answer this. I believe from the record that all charges were dismissed against the co-defendant that did not plead guilty. There were three co-defendants. Two of them pled guilty. And the one that didn't, charges were just dismissed. Okay, so I'm having a little trouble logically why that would affect your client's pleading guilty. Besides what trial counsel on the district level argued, at least in our argument, the facts of the type of offense and actually what happened, since we are arguing that he had an absolute right because the plea had not been accepted. I'm trying to understand why it was so important to him to argue that there was an absolute right under these circumstances. Excuse me, Your Honor. I'm sorry. He knows whether he's committed the crime or not. He was apparently earlier willing to accept that he had committed the crime to plead guilty. So this differential with the co-defendant has nothing to do with whether or not he is guilty. Is this about sentencing? I think I understand now your last point. Mr. Davila, even at sentencing, at his colloquy, he said that he never admitted his guilt. This, like many cases, he decided that with what he was facing, the information was basically a good deal. The thing is that we think that the type of offense and the facts are not one of the factors to consider as to the issue before this Court, which is if the magistrate judge indeed accepted the plea. Because if this Court decides that, then we recognize that it would apply Rule 11.2.1 saying that a fair and just reason. But we are saying that we don't see a need to go into the fact of the co-defendants and what happened because the fact is that this Court did not accept the recommendation until after the motion was filed. All right. Judge Salio. I think that pretty much your position in a nutshell is that the defendant had an absolute right to withdraw his plea for any reason or for no reason in the language of Rule 11.2.1, so that it's irrelevant to this appeal what his reasons may or may not have been. Exactly, Your Honor. Counsel, when you represent that in Puerto Rico, the practice is that where there's a report and recommendation,  so how frequently are pleas withdrawn during that interim? Almost never. And that's one of the things that I see that if this Court has any preoccupation with, for example, the scenario. When you say almost never, so I'm trying to understand why you would say that. We don't know of any case. Then why would you say the practice is that it's not accepted until the district court accepts it? I was referring that the practice, the way that it is done, is that a report and recommendation is issued, and then an order is issued by the court adopting or rejecting, almost always adopting the report and recommendation. So you're not saying that there's an understanding in the bar and in the system that it's not accepted until the district court accepts it. You're just describing what the practice is. Well, the understanding, let me be clear, the understanding is that until that order by the court adopting the R&R is entered on the docket, the plea has not been accepted. I know you make that representation. I'm trying to understand what your evidence is for that representation if you say there haven't been any withdrawals. We can, I mean, if Your Honor wants, we can submit brief on the issue. No, that's okay. You've answered my question. Thank you. Is it typical if there is no objection filed to the report and recommendation for the district court nonetheless not to enter an order approving it for a six-month period of time? An order is always issued. No, it's the period of time I'm asking. Well, I really, I can't explain why the court in this case acted the way it did because the thing is that as to the other co-defendant, which the plea colloquy took place on the same date, this court issued an order promptly adopting the report and recommendation. Why it didn't do so in this case, I'm not able to answer that. All right. Thank you. You still reserve your minutes. Thank you, Your Honor. Good morning. May it please the Court? Maria Montanez for the United States. The United States submits that the district court did not err in denying the defendant's motion to withdraw his guilty plea under Rule 11-D-1. The magistrate judge could accept the guilty plea because after the defendant was The question here, excuse me, counsel, the question here isn't whether the magistrate judge could have accepted the guilty plea. The fact is that the magistrate judge didn't accept the guilty plea. Her report is not, I accept the guilty plea. It's a recommendation to the district court that the district court accept the plea. The recommendation of the magistrate judge is that she recommends that judgment of guilty be Yes. So whether or not she had the power to accept it, and it may be that she did, she didn't. She recommended its acceptance to the district court, and the district court eventually adopted that recommendation and entered the guilty plea. But that wasn't until after the Rule 11-D-1 motion was filed. That's correct, Your Honor. we submit that in the language of the magistrate, she was accepting the plea of guilty made by the defendant and that the defendant had Yes, we understand that. Let's go back to the language of the waiver then, which says upon entry of judgment of conviction upon the magistrate judge's recommendation. Correct. So she's taking the position that they did not waive their 11-D-1, and a reasonable person reading this waiver could have that understanding. So why is it that 11-D-1 does not control this case? Precisely because of the language of the waiver form when it says that the entry of conviction upon the magistrate judge's recommendation, and that is what the magistrate judge did. She issued a report and recommendation to the district judge recommending that a judgment of guilty be entered as to count one. And you think the recommendation is the same as the acceptance of the guilty plea? Yes, Your Honor. And that's totally contrary to what the magistrate judge told the defendant at the start of the hearing. Because the sentencing transcript, this transcript of the change of plea, of the plea colloquy, says in effect, now you understand I'm going to, you're going to have your plea hearing here, and I'm going to hear everything that Rule 11 requires to be done, and I'm going to make a recommendation to the district judge who will then accept or reject your plea. Yes, Your Honor. So the government's position creates a due process problem here. We submit that since the defendant waived the right to have his hearing before the district judge, because the magistrate did accept that guilty plea and issue the report, the fact that the district judge could review that magistrate judge's colloquy and reform recommendation in case it was necessary. Judge, Celia just told you what he was told at the beginning of the hearing, which is directly contrary to the position you're taking now. It seems to me the District of Puerto Rico could reduce the time period if the judge wanted to accept the report and recommendation, which was not objected to. There was no reason it couldn't have done so immediately. This problem seems to have been created through some sort of administrative practice there. One doesn't know why the administrative practice exists, but it seems to me the government could do something about that. I can submit that at the District of Puerto Rico sometimes this happens, and district judges take a long time to issue an order or an opinion on an order accepting the magistrate judge's recommendation. We haven't seen in any case a defendant attempting to withdraw with no reason that guilty plea before that happens. This is the first case that we have seen. If we were to adopt your position, it would create due process problems. We'd also have to then review the transcript of every magistrate judge hearing to see what was said at that hearing, and the difficulty that the district court is encountering would be passed up to this court. Now, the government has some responsibility as to how the District of Puerto Rico operates and could take steps to ensure that this sort of problem doesn't come up to us. Why can't you do that? Instead, you're up here defending a practice. We understand that the fact that the defendant's consent to that entry of guilty is enough for the magistrate judge to issue that report and accept that plea and then make a report of recommendation to the district judge in case there is a need the defendant is to object. Does the government's position depend on the fact that no objection was filed to the report and recommendation? That is one of the arguments we have, yes. The waiver is our first argument because he was advised and he signed that, but definitely the fact that he did not object to the report and recommendation in the 14 days. He waited almost six months. As I understand the government's position, the waiver is sufficient and it's irrelevant that he did not file a report, an objection to the report and recommendation. And the waiver is sufficient and the fact that he didn't exactly file an objection. In the District, if I may add, in the District of Puerto Rico, the most part of the guilty pleas are being done by a magistrate judge. Followed by an order accepting the report. Followed by an order of opinion of the district judge. But the point the chief judge is making is that if the District of Puerto Rico chooses to follow that practice, every instinct that we have as judges is that there should be a prompt adoption of that recommendation by the District Court. When the period for objections has expired and there is no objection, that didn't happen here. And from what you're telling us, sometimes happens and sometimes doesn't in the District. There's no reason why that shouldn't be part of the usual practice. If I understand correctly, for the district judge to accept as soon as possible after the 14 days? If there is no objection. Your position also attacks the integrity of the rules about what happens when there is an objection to the report and recommendation. Your position also leads to upsetting the practice down there of it being merely a recommendation to the district judge. In any event, do you have any other argument? Just to know that our concern will be that the defendants may have or may use the practice of withdrawing without any reason. You bet. Before the magistrate court. You bet. As a kind of a practice to do this in every case, and that will definitely place a burden on the docket case at the District of Puerto Rico. The problem is taken care of with a very prompt hearing or a very prompt order. If there are any other questions for me? Thank you. You'll pardon me, but I'm still chief judge of the circuit, and I'm concerned about how the district courts operate. And I'd appreciate it if you would pass this message on. I will, Your Honor. Your Honors, once again, just a brief rebuttal. First, as to the last point by the government, the worry that somehow this will become an exercise, going before a magistrate judge. Like Your Honor said, just a prompt order adopting the report will take care of that. That's, in fact, in the Fifth Circuit in Naramie, it specifically said that if the district court is troubled by this happening, it just has to issue a prompt order. As to the consent, we reaffirmed that Mr. Davila consented only to the conducting of the plea colloquy. We really think that the language in the waiver in no way can be understood as that it should be. It went beyond that. Basically, as to the objections, like we said on the brief, and as it was told to the district court, no objection was filed because we are not saying that there was a defect on the plea colloquy. And that will be all, Your Honor, unless you have any more questions.